IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW L. LA BREC,

                    Plaintiff,

  v.                                                         OPINION and ORDER

LAURA C. SUKOWATY,                                   24-cv-847-jdp

                    Defendant.

---

    Matthew L. La Brec, proceeding without counsel, is suing a physician who treated him at Columbia Correctional Institution, where La Brec is incarcerated. He alleges that Laura C. Sukowaty violated the Eighth Amendment and state common law by discontinuing his gabapentin prescription, failing to taper the dose, and failing to prescribe an adequate substitute. He moves for a preliminary injunction ordering Sukowaty to prescribe gabapentin or Lyrica for him. Dkt. 6.

    Sukowaty opposes the motion on multiple grounds, but I need consider only one of them, which is that Sukowaty is no longer treating La Brec because she now works at Dodge Correctional Institution as an associate medical director. In her declaration, Sukowaty says that her last appointment with La Brec was in August 2024. Dkt. 17, ¶¶ 2, 10, 15. La Brec does not dispute Sukowaty's declaration. In fact, he did not submit any reply materials. So I must accept as true Sukowaty's statements about her lack of involvement in La Brec's current care.

    "[A] claim for injunctive relief can stand only against someone who has the authority to grant it." *Williams v. Doyle*, 494 F. Supp. 2d 1019, 1024 (W.D. Wis. 2007). In this case, La Brec has not cited any evidence that Sukowaty could prescribe gabapentin or Lyrica for him,

even if she believed that doing so was appropriate. So I cannot enjoin Sukowaty. And La Brec has not sought to amend his complaint to name medical officials responsible for his care at Columbia Correctional Institution, so I must deny his motion for preliminary injunction.

The case is not necessarily moot because Sukowaty's transfer would not affect damages claims based on conduct that occurred before the transfer. But Sukowaty raises another issue that could affect La Brec's damages claims. Specifically, Sukowaty submitted a settlement agreement between La Brec and the Wisconsin Department of Justice in which La Brec agreed not to sue any department employees or agents for any conduct that "took place on any date before this Agreement is fully executed." Dkt. 18-2, ¶ 4. The term "fully executed" is not defined, but the agreement was signed on December 11, 2023, and the agreement states that La Brec will receive his settlement payment within 30 days of signing. *Id.*, ¶ 1. If the settlement agreement applies to this case, it would bar or significantly narrow La Brec's damages claims.

La Brec is proceeding on three claims:

1) Sukowaty discontinued La Brec's gabapentin prescription in November 2023 without providing a substitute for at least four months.

2) Sukowaty did not taper La Brec's gabapentin dose before discontinuing it.

3) Sukowaty has not provided La Brec any medication for neuropathic pain since August 2024.

Claims 1) and 2) appear to be barred by the settlement agreement because those claims are based on conduct that occurred before the settlement agreement was executed, and the claims are being asserted against an employee of the Department of Corrections. Claim 3) appears to be moot because Sukowaty could not have provided treatment to La Brec after August 2024, when she was no longer his doctor.

The bottom line is that the combination of the settlement agreement and Sukowaty's transfer appears to resolve each of La Brec's claims. Sukowaty has not filed a motion for summary judgment on these issues, but she has fairly raised them. And the court may grant summary judgment on its own motion, so long as the parties have an opportunity to show why summary judgment should not be granted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). So I will direct La Brec to show cause on the following issues: (1) why Claim 1) and Claim 2) should not be dismissed as barred by the settlement agreement signed December 11, 2023; (2) why Claim 3) should not be dismissed as moot; (3) why the court should not enter judgment and close the case. The evidence before the court now supports a conclusion that Sukowaty is entitled to summary judgment, so if La Brec does not respond to this order, I will enter judgment in Sukowaty's favor and close this case.

ORDER

IT IS ORDERED that:

1. Plaintiff Matthew L. La Brec's motion for a preliminary injunction, Dkt. 6, is DENIED.

2. No later than July 28, 2025, La Brec is directed to show cause on the following issues: (1) why the settlement agreement signed on December 11, 2023, does not bar La Brec's claims for discontinuing gabapentin and failing to taper the dose; (2) why the claim for failing to treat La Brec after August 2024 should not be dismissed as moot; and (3) why the court should not enter judgment and close the

case. If La Brec does not respond by July 28, the court will enter judgment in Sukowaty's favor and close the case.

Entered June 30, 2025.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge