IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW L. LA BREC,

                Plaintiff,

v.

LAURA C. SUKOWATY,

                Defendant.

OPINION and ORDER

24-cv-847-jdp

---

Plaintiff Matthew L. La Brec, proceeding without counsel, has responded to the court's order directing him to show cause why his claims should not be dismissed. For the reasons below, I will allow La Brec to proceed on a claim that Laura C. Sukowaty (La Brec's doctor) violated the Eighth Amendment and was medically negligent by refusing to treat La Brec's nerve pain from December 12, 2023, to March 14, 2024. I will dismiss all other claims.

BACKGROUND

La Brec is a prisoner at Columbia Correctional Institution. I allowed him to proceed on three claims under the Eighth Amendment and state law: (1) Sukowaty discontinued La Brec's gabapentin prescription in November 2023 without providing a substitute for at least four months; (2) Sukowaty did not taper La Brec's gabapentin dose before discontinuing it; and (3) Sukowaty has not provided La Brec any medication for neuropathic pain since August 2024.

In the context of briefing La Brec's motion for a preliminary injunction, Sukowaty argued that the first two claims were barred by a settlement agreement and the third claim failed because Sukowaty had been transferred to a different facility and had not been

responsible for La Brec's care since August 2024. I denied La Brec's motion for a preliminary injunction and directed him to show cause why his claims should not be dismissed on these grounds.

In response, La Brec concedes that claim (2) is barred by the settlement, and he does not dispute that claim (3) should be dismissed because Sukowaty had no involvement in his medical care after August 2024. But he contends that claim (1) is not barred by the settlement agreement. He also contended initially that he should be allowed to proceed against a "Doe defendant" to discover who is responsible for failing to provide adequate medical care after August 2024, Dkt. 25, ¶ 3, but he later stated that he wished to proceed only on his claim against Sukowaty for failing to provide a substitute medication, Dkt. 29, at 4. So I need not consider whether La Brec should be allowed to amend his complaint to add a claim against a new defendant.

## ANALYSIS

The question before the court is whether the settlement agreement between La Brec and the Wisconsin Department of Justice bars La Brec's claim that Sukowaty failed to provide a substitute medication after discontinuing his gabapentin prescription. The agreement prohibits La Brec from suing any employees or agents of the Wisconsin Department of Corrections for any "action or inaction" that "took place on any date before this Agreement is fully executed." Dkt. 18-2, ¶ 4. The agreement does not define what "fully executed" means, but both sides assume it is the date the agreement was signed, which was December 11, 2023.

Sukowaty discontinued La Brec's gabapentin prescription in November 2023, so the settlement agreement bars any claim based on that decision. But La Brec says that Sukowaty

2

did not prescribe a substitute for more than four months, and that period extends beyond the cut-off date in the settlement agreement, so he should be allowed to pursue a claim for harm he suffered between December 12, 2023, and when Sukowaty prescribed a new medication on March 14, 2024.

In his reply brief, La Brec relies on *Heard v. Sheahan*, 253 F.3d 316 (7th Cir. 2001), which was about the accrual of a prisoner's medical care claim for the purpose of applying the statute of limitations. The plaintiff alleged that prison medical staff had refused to treat his hernia for two and a half years—until he was transferred out of the prison. He filed his lawsuit two years after his transfer. Even though the limitations period was two years, the court of appeals held that the plaintiff could seek damages going back to the original denial of treatment because "[e]very day that they prolonged his agony by not treating his painful condition marked a fresh infliction of punishment that caused the statute of limitations to start running anew" and "it would be unreasonable to require or even permit him to sue separately over every incident of the defendant's unlawful conduct." *Id.* at 318–19.

I understand La Brec to contend that each day between December 12 and March 14 that La Brec went without neuropathic pain medication was a new Eighth Amendment violation. But the question in *Heard* was about applying the statute of limitations. More recent cases have interpreted *Heard* as simply standing for the principle that a claim does not accrue when it would "be unreasonable to require a plaintiff to bring multiple suits for ongoing injuries that are not easily allocable to separate suits." *Easterling v. Thurmer*, 880 F.3d 319, 323 (7th Cir. 2018). That is not the issue in this case.

The issue here is whether there were are any new constitutional violations by Sukowaty between December 12 and March 14. *Heard* does not address the question of what qualifies as

3

an independent constitutional violation. As explained in the screening order, La Brec must show that Sukowaty "consciously fail[ed]" to provide La Brec with reasonable medical treatment to prove an Eighth Amendment violation. Dkt. 11, at 3. This suggests that La Brec must point to a new decision that Sukowaty made after December 11 in which she consciously failed to provide treatment despite knowing that La Brec needed it. It is not enough for La Brec to show that he continued to suffer harm from an earlier violation. *See Savory v. Lyons,* 469 F.3d 667, 673 (7th Cir. 2006).

In his complaint, La Brec identifies no complaints that he made to Sukowaty between December 12, 2023, and March 14, 2024. But attached to his reply brief is a written request to prison staff dated December 24, 2023, in which he complains that he has been suffering from "unrelenting nerve pain" since Sukowaty discontinued his gabapentin prescription and he has "nothing to use for nerve pain." Dkt. 29-2. The request is not directed to Sukowaty, but there is a note from prison staff stating, "will forward to Sukowaty." *Id.* La Brec does not say whether Sukowaty actually saw his request, but it is reasonable to infer that staff did forward the request, that Sukowaty saw the request, and that she chose not to take any action until March. An unreasonable delay in providing care despite knowledge that a prisoner needs care may qualify as conscious failure to provide reasonable medical care under the Eighth Amendment. *See Perez v. Fenoglio,* 792 F.3d 768, 777–78 (7th Cir. 2015); *Smith v. Knox County Jail,* 666 F.3d 1037, 1039–40 (7th Cir. 2012).

I will treat the December 24 medical request as an addendum to the complaint, and I will allow La Brec to proceed on a claim that Sukowaty violated La Brec's Eighth Amendment rights by failing to treat his nerve pain from December 24, 2023, to March 14, 2023. I will also allow La Brec to proceed on a medical negligence claim for the same conduct.

4

ORDER

IT IS ORDERED that:

1. Plaintiff Matthew La Brec's claim that defendant Laura C. Sukowaty discontinued his gabapentin prescription without providing a substitute in November 2023 is DISMISSED as barred by La Brec's December 11, 2023 settlement agreement with the Wisconsin Department of Justice.

2. La Brec's claim that Sukowaty failed to treat his nerve pain after August 2024 is DISMISSED because Sukowaty was not involved in La Brec's medical care at that time.

3. La Brec is GRANTED leave to proceed on a claim that Sukowaty violated the Eighth Amendment and was medically negligent by refusing to treat La Brec's nerve pain from December 24, 2023, to March 14, 2024.

4. The clerk of court is directed to set a scheduling conference with Magistrate Judge Anita Boor.

Entered October 22, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge