IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW L. LA BREC aka MADDY L. LA BREC,

Plaintiff,

v.

LAURA C. SUKOWATY,

Defendant.

OPINION and ORDER

24-cv-847-jdp

---

Plaintiff Maddy L. La Brec, proceeding without counsel, was receiving gabapentin for her nerve pain at Columbia Correctional Institution until defendant Laura C. Sukowaty, a prison doctor, discontinued the prescription after La Brec was caught mixing gabapentin with alcohol.[1] La Brec contends that Sukowaty violated the Eighth Amendment and was medically negligent by refusing to provide a substitute from December 24, 2023, until March 14, 2024, when Sukowaty provided a new medication.

Sukowaty moves for summary judgment on both the Eighth Amendment and negligence claims. Dkt. 37. She contends that the Eighth Amendment claim fails because she used her medical judgment to treat La Brec and because she is entitled to qualified immunity. She says that La Brec's negligence claim fails because La Brec does not have a medical expert.

A prison doctor violates the Eight Amendment if she knows that a prisoner needs treatment for a particular medical problem, but she consciously fails to provide reasonable treatment. Federal Civil Jury Instructions of the Seventh Circuit § 7.17 (2017); *Hunter v.*

---

[1] The plaintiff previously identified herself as Matthew La Brec, but several months ago, she filed a document stating that she is transitioning to a female identity and wishes to be called Maddy and to use female pronouns. Dkt. 34.

*Mueske*, 73 F.4th 561, 565 (7th Cir. 2023). A doctor is negligent if she fails to use the required degree of skill and care exercised by an average doctor and there is a causal connection between the doctor's failure and harm to the plaintiff. Wis JI–Civil 1023; *Sawyer v. Midelfort*, 227 Wis.2d 124, 149, 595 N.W.2d 423, 435 (1999).

The issues before the court are narrow. For the purpose of her summary judgment motion, Sukowaty does not dispute that La Brec suffers from nerve pain that requires treatment or that she knew La Brec was suffering from nerve pain during the relevant period of time. For her part, La Brec does not contend that she was entitled to continue receiving gabapentin after she was found abusing it. The question is whether a reasonable jury could find that Sukowaty's failure to give La Brec a substitute for gabapentin for approximately three months violated the Eighth Amendment and was negligent. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Loudermilk v. Best Pallet Co., LLC*, 636 F.3d 312, 314–15 (7th Cir. 2011); *Montgomery v. Am. Airlines, Inc.*, 626 F.3d 382, 389 (7th Cir. 2010).

I conclude that I cannot resolve La Brec's claims on summary judgment because a reasonable jury could find that Sukowaty did not exercise medical judgment when declining to provide a substitute for gabapentin. Sukowaty does not contend that she lacked available alternatives or that any available alternatives would have presented the same risks of abuse as gabapentin. In fact, Sukowaty prescribed an alternative on March 14, 2024 (carbamazepine) and later prescribed another alternative (Topamax).

Most of Sukowaty's brief is devoted to arguing that Sukowaty used appropriate medical judgment when discontinuing the gabapentin prescription and when providing alternatives beginning in March 2024. But both of those issues are outside the scope of this case. The issue

is whether Sukowaty violated La Brec's rights by failing to provide a substitute for gabapentin between December 24 and March 14.

Sukowaty's only explanation for failing to prescribe a substitute sooner is that La Brec had prescriptions for indomethacin and Execedrin, which also treat pain. But it is undisputed that La Brec was already taking those medications when Sukowaty discontinued gabapentin, and it was Sukowaty herself who had previously prescribed all three medications. A reasonable jury could find that Sukowaty believed that each of the medications served an independent purpose and that she did not prescribe them gratuitously. Importantly, Sukowaty does not say that either indomethacin or Excedrin is effective for treating nerve pain caused by radiculopathy, which is what Sukowaty had previously diagnosed La Brec with. Dkt. 50, ¶ 6; Dkt. 46-6, at 5.[2] La Brec also says that she complained to Sukowaty at least once in writing in late December 2023 and once during an examination in February 2024 that the indomethacin and Excedrin were not working on her nerve pain, but Sukowaty did nothing. Dkt. 39-1, at 11; Dkt. 46, ¶¶ 9–12. From this, a reasonable jury could find that Sukowaty consciously refused to provide reasonable treatment and did not exercise the skill or care of an average doctor.

Sukowaty's arguments regarding qualified immunity and the need for an expert do not require extended discussion. As for qualified immunity, the court of appeals has consistently rejected that defense in cases like this one, in which the legal standard for a medical claim under the Eighth Amendment is well established, and the primary dispute is factual, not legal. *See Brown v. LaVoie*, 90 F.4th 1206, 1214 (7th Cir. 2024); *Horshaw v. Casper*, 910 F.3d 1027

---

[2] Radiculopathy is caused "by the pinching of a nerve root in the spinal column" and symptoms "include pain, weakness, numbness and tingling." John Hopkins Medicine, "Radiculopathy," https://www.hopkinsmedicine.org/health/conditions-and-diseases/radiculopathy.

(7th Cir. 2018); *Estate of Clark v. Walker*, 865 F.3d 544, 553 (7th Cir. 2017). If the jury finds that Sukowaty had no medical basis for denying a substitute medication, that will be a violation of clearly established law. *See Brown*, 90 F.4th at 1212 ("Where a plaintiff puts forward evidence that a doctor failed to exercise medical judgment, it is for the jury to decide whether the doctor had a sufficiently culpable mental state.").

As for the lack of an expert, I have stated numerous times, including in other cases filed by La Brec, that an expert is not needed in all medical negligence cases to establish the standard of care. *See, e.g., La Brec v. Lyon*, No. 22-cv-284-jdp, 2023 WL 6976738, at *6–7 (W.D. Wis. Oct. 23, 2023); *LaBrec v. Syed*, No. 19-cv-804-jdp, 2021 WL 4206690, at *5 (W.D. Wis. Sept. 16, 2021); *Shipp v. Hobday*, No. 17-cv-955-jdp, 2023 WL 3377628, at *2 (W.D. Wis. May 11, 2023). "[N]o expert is necessary when common knowledge provides a basis for finding negligence." *Jones v. Edge*, No. 16-cv-848-jdp, 2018 WL 2301846, at *4 (W.D. Wis. May 21, 2018); *see also Gil v. Reed*, 535 F.3d 551, 557–58 (7th Cir. 2008) (expert testimony is not needed to establish the standard of care under Wisconsin law when a plaintiff "show[s] that an ordinary person could conclude from common experience that he could not have been injured had his medical providers exercised care"). And even when an expert is needed, the plaintiff need not retain her own expert if she can establish a breach of the standard of care through the defendant herself. *See Gil*, 535 F.3d at 558; *Williams v. Young*, No. 25-cv-252-jdp, 2026 WL 3407208, at *10 (W.D. Wis. Nov. 10, 2026). In this case, Sukowaty's own testimony fails to identify any medical basis for her failure to prescribe a substitute for gabapentin, so La Brec may cross-examine Sukowaty about that issue at trial.

La Brec's claim is not the most sympathetic one. Some might say that she has only herself to blame for abusing an effective treatment, suggesting that a jury could be reluctant to

award damages. But the question before the court is not whether La Brec is likely to win at trial, but whether there are factual disputes precluding summary judgment. If a jury were to view the evidence in the light most favorable to La Brec, it could find that Sukowaty was negligent and violated La Brec's Eighth Amendment rights. So I will deny Sukowaty's motion for summary judgment.[3]

Also before the court is La Brec's motion for leave to file a sur-reply brief. Dkt. 53. The result is the same regardless of whether I consider that brief, so the motion will be denied as unnecessary.

ORDER

IT IS ORDERED that:

1. The motion for leave to file a surreply, Dkt. 53, is DENIED as unnecessary.
2. Defendant Laura C. Sukowaty's motion for summary judgment, Dkt. 37, is DENIED.

Entered November 18, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge

[3] Another potential problem for La Brec at trial is the question of harm. La Brec must show not just that she experienced nerve pain, but that Sukowaty's failure to provide an alternative treatment caused that pain. *See* Federal Civil Jury Instructions of the Seventh Circuit § 7.17. In other words, La Brec will have to show that her pain or other injury could have been lessened by an available, alternative treatment. La Brec's own records suggest that she did not believe that the alternative medication provided later, carbamezapine, was effective. Dkt. 46-3, at 1. But Sukowaty did not seek summary judgment on the ground that La Brec failed to prove harm, so that issue will have to be resolved at trial.